IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ALICIA CORA PITTMAN | ) | Judge Carol A. Doyle |
| | ) | |
| Debtor | ) | Case No. 10-04459 |
| _____ | ) | |
| | ) | |
| ALICIA CORA PITTMAN | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. |
| | ) | |
| CHASE MANHATTAN MORTGAGE; and | ) | |
| HOUSEHOLD FINANCE CORPORTION III | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ALICIA CORA PITTMAN, ("PITTMAN" or "Debtor"), by and through her attorneys at FORREST L. INGRAM P.C., and complaining against Defendants CHASE MANHATTAN MORTGAGE ("Chase") as assignee of CLEARWATER MORTGAGE and HOUSEHOLD FINANCE CORPORATION III ("HFC") (collectively referred to as "Defendants"), pursuant to Bankruptcy Rule 7001(2), PITTMAN states as follows:

## EXECUTIVE SUMMARY

This complaint arises from the assertions made by two separate mortgage lenders both asserting a first priority mortgage over PITTMAN's home. These circumstances arose through no fault of PITTMAN but instead PITTMAN found herself in this crisis when she refinanced her home and the title company entrusted with the "pay-off funds" did not remit the money to the original mortgagor. PITTMAN now asks this Honorable Court to determine which claim is valid and which is not.

1

## JURISDICTION

1. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. The subject matter of this complaint is a core proceeding under 11 U.S.C. § 157(a) and (b)(2)(B), (C), (H), and (K).

3. Bankruptcy Courts have the authority, pursuant to Bankruptcy Rule 7001(2), to determine the priority, validity and extent of a lien or other interest in property.

## FACTS

4. PITTMAN is the owner of real estate commonly known as 8131 South Campbell, Ave., Chicago, Illinois (hereinafter, "Property") with the legal description of :

> Lot 30 in block 2 in Hinkamp and Company's Western Avenue subdivision being a subdivision of lots 1 to 24 in block 1, lots1 to 24, in block 2 and 10 to 20 in block 3, lots 1 to 10 in block 4 , and lots 1 to 10 in block 5 in Hazelwood and Wright's subdivision of the South ½ of the Northeast ¼ of section 36, Township 38 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois.

5. In order to finance the original purchase of the property, PITTMAN took out a loan and granted Household Finance Corporation III (hereinafter referred to as "HFC") a mortgage in the Property.

6. In August of 2008, PITTMAN sought to refinance the Property with Clearwater Mortgage (hereinafter referred to as "Clearwater").

7. Ticor Title Insurance Company (hereinafter, "Ticor") issued a closing protection letter which provided that Ticor would reimburse Clearwater for any actual loss incurred by it and in connection with the closing of the real estate transaction conducted by the "Issuing Agent." **See Exhibit A**.

8. Ticor issued a commitment for title insurance on the Property. **See Exhibit A.**

9. RNB Title, LLC (hereinafter, "RNB") was acting as the agent and "Issuing Agent" for Ticor. **See Exhibit B, Second Amended Verified Complaint for Injunctive and Other Relief,** *Ticor Title Ins. Co v. RNB Title, LLC et. al.* **Cook No. 08 CH 34714 ¶120.**

10. RNB's had the duty to receive the "pay-off" amounts from Clearwater to complete the loan transaction.

11. RNB's other duties included holding the "pay-off" amounts in escrow for the benefit of both PITTMAN and Clearwater.

12. RNB's had a duty to remit the "pay-off" amounts held in escrow to HFC upon the closing.

13. On or about August 5, 2008, PITTMAN, representatives from the aforementioned banks, and attorneys for RNB Title, LLC (hereinafter, "RNB") met for the real estate closing.

14. To re-finance and "pay-off" her mortgage with HFC, PITTMAN took out a loan with Clearwater and PITTMAN granted Clearwater a mortgage on the Property.

15. As is customary in real estate closings, Clearwater transferred the "pay-off" funds to the escrow agent, RNB, to be held in trust until the closing was completed.

16. Once the parties completed the closing, RNB was responsible for remitting the funds held in escrow to HFC in full satisfaction of the mortgage.

17. Upon information and belief, the "pay-off" check written by RNB to HFC was returned for "insufficient funds."

18. Neither RNB nor Ticor issued a replacement check to HFC.

19. On or about September 17, 2008, HFC notified PITTMAN that her mortgage payments were late.

3

20. Only after speaking with HFC did PITTMAN learn that RNB did not fulfill its promise under the escrow and insurance agreement.

21. PITTMAN has made multiple demands on Ticor and RNB to complete the transaction, but without success.

22. Since the refinancing, PITTMAN has made regular mortgage payments to Chase pursuant to the refinancing agreement.

23. PITTMAN believes that Chase is the holder of the mortgage due to the time and expense of the refinancing process and due to Ticor and RNB's promises and representations.

24. Both HFC and Chase claim rights to the first priority mortgage and payments due and owing under the mortgage contract and guarantee.

25. HFC has also filed a *lis pendens* against the real estate. **See Exhibit C, Document No. 0908604269.**

26. Since PITTMAN is only making mortgage payments to Chase, pursuant to the refinancing agreement, HFC initiated foreclosure proceedings in Cook County Illinois captioned, *Household Finance Corporation III v. Alicia Pittman et. al.*, 09-CH-13230.

27. HFC's complaint alleges, *inter alia*, that any transfer of its rights in the property was void *ab initio* because the "pay-off" amount was not remitted by RNB.

28. It further alleges that it is entitled to foreclosure because PITTMAN failed to submit regular mortgage payments.

**COUNT I.**
**DETERMINATION OF EXTENT AND VALIDITY OF THE BANKS' ALLEGED LIEN(S)**

29. PITTMAN restates the allegations contained in paragraphs 1-28 above as if fully set forth herein.

4

30. PITTMAN brings this count pursuant to Rule 7001(2) to determine the validity, extent and priority, if any, of the HFC's lien on the Property.

31. PITTMAN brings this count pursuant to Rule 7001(2) to determine the validity, extent and priority, if any, of the Chase's lien on the Property.

32. On the basis of the allegations set forth herein, HFC's alleged lien, *lis pendens* and guarantee against PITTMAN and the Property should be declared invalid.

33. In the alternative, on the basis of the allegations set forth herein, Chase Manhattan Mortgages' lien and personal guarantee against PITTMAN and the Property should be declared invalid.

**WHEREFORE,** PITTMAN requests that this Court conduct an evidentiary hearing and enter judgment in PITTMAN's favor and against Defendant Household Finance Corporation III, finding: (a) that HFC's lien is invalid and HFC's subsequent *lis pendens* against the Property is invalid and must be released without delay; (b) that any personal guarantee signed by PITTMAN is found to be unsecured debt and is therefore discharged pursuant to 11 USC § 727.  In the alternative, PITTMAN asks that the Court find: (a) that Chase Manhattan Mortgage's lien against the Property is invalid and (b) that any personal guarantee signed by PITTMAN is unsecured debt, discharged pursuant to 11 USC § 727.  Debtor asks for attorneys' fees and costs as well as such other and further relief as may be just and appropriate.

                                                Respectfully submitted,
                                                ALLICIA PITTMAN

                                                By: /s/   Michael V. Ohlman _____
                                                One of her attorneys

Forrest L. Ingram #3129032
Michael V. Ohlman #6294512
Philip Groben #6299914

FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838