osing Protection Letter -                                                                                                    Page 1 of 2

 **Ticor Title Insurance Company**

203 N. LaSalle
Chicago, IL 60601
Phone (800)343-7641
Fax (630)206-9902

This facsimile transmittal Closing Protection Letter is considered equivalent to an original and no further copy will be mailed.

DATE: Monday, August 4, 2008

TO: Clearwater Mortgage, L.L.C. ISAOA
11315 Caserola Drive, suite 110
Eden Prairie, MN 55347

RE: RNB Title, LLC
17W662 Butterfield Road - Suite 205
Oakbrook Terrace, IL 60181
Attn: Judy Sahlike
FAX: 630-590-6316

Attention: Closing Dept./Loan #9879

Borrower Reference/File Number: Villmas-101529

To Whom It May Concern:

Ticor Title Insurance Company (the "Company") agrees, subject to the Conditions and Exclusions set forth below, to reimburse you for actual loss incurred by you in connection with closings of real estate transactions conducted by the Issuing Agent or Approved Attorney, provided:

(A) title insurance of the Company is specified for your protection in connection with the closing; and

(B) you are to be the (i) lender secured by a mortgage (including any other security instrument) of an interest in land, its assignees or a warehouse lender, (ii) purchaser of an interest in land, or (iii) lessee of an interest in land,

and provided the loss arises out of:

1. Failure of the Issuing Agent or Approved Attorney to comply with your written closing instructions to the extent that they relate to (a) the status of the title to that interest in land or the validity, enforceability and priority of the lien of the mortgage on that interest in land, including the obtaining of documents and the disbursement of funds necessary to establish the status of title or lien, or (b) the obtaining of any other document, specifically required by you, but only to the extent the failure to obtain the other document affects the status of the title to that interest in land or the validity, enforceability and priority of the lien of the mortgage on that interest in land, and not to the extent that your instructions require a determination of the validity, enforceability or the effectiveness of the other document, or

2. Fraud, dishonesty or negligence of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with the closings to the extent that fraud, dishonesty or negligence relates to the status of the title to that interest in land or to the validity, enforceability, and priority of the lien of the mortgage on that interest in land.

If you are a lender protected under the foregoing paragraph, your borrower, your assignee and your warehouse lender in connection with a loan secured by a mortgage shall be protected as if this letter were addressed to them.

Conditions and Exclusions

1. The Company will not be liable to you for loss arising out of:

A. Failure of the Issuing Agent or Approved Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in the binder or commitment shall not be deemed to be inconsistent.

B. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except as shall result from failure of the Issuing Agent or

tp://www.illinois.ticortitle.com/sections/Placeorder/lcl_letter.asp                                                          8/4/2008

Closing Protection Letter -  Page 2 of 2

the Approved Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

C. Defects, liens, encumbrances or other matters in connection with your purchase, lease or loan transactions except to the extent that protection against those defects, liens, encumbrances or other matters is afforded by a policy of title insurance not inconsistent with your closing instructions.

D. Fraud, dishonesty or negligence of your employee, agent, attorney or broker.

E. Your settlement or release of any claim without the written consent of the Company.

F. Any matters created, suffered, assumed or agreed to by you or known to you.

2. If the closing is to be conducted by an Approved Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Approved Attorney.

3. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of this right of subrogation.

4. The Issuing Agent is the Company's agent only for the limited purpose of issuing title insurance policies. Neither the Issuing Agent nor the Approved Attorney is the Company's agent for the purpose of providing other closing or settlement services. The Company's liability for your losses arising from those other closing or settlement services is strictly limited to the protection expressly provided in this letter. Any liability of the Company for loss does not include liability for loss resulting from the negligence, fraud or bad faith of any party to a real estate transaction other than an Issuing Agent or Approved Attorney, the lack of creditworthiness of any borrower connected with a real estate transaction, or the failure of any collateral to adequately secure a loan connected with a real estate transaction. However, this letter does not affect the Company's liability with respect to its title insurance binders, commitments or policies.

5. Either the Company or you may demand that any claim arising under this letter be submitted to arbitration pursuant to the Title Insurance Arbitration Rules of the American Land Title Association, unless you have a policy of title insurance for the applicable transaction with an Amount of Insurance greater than $2,000,000. If you have a policy of title insurance for the applicable transaction with an Amount of Insurance greater than $2,000,000, a claim arising under this letter may be submitted to arbitration only when agreed to by both the Company and you.

6. You must promptly send written notice of a claim under this letter to the Company at its principal office at P.O. Box 45023, Jacksonville, Florida 32232-5023. The Company is not liable for a loss if the written notice is not received within ninety days from the discovery by you of a matter you believe to be compensable under this letter.

Any previous closing protection letter or similar agreement is hereby cancelled, except for closings of your real estate transactions for which you have previously sent (or within 30 days hereafter send) written closing instructions to the Issuing Agent or Approved Attorney.

Their Title Insurance Company,

By S. [signature]

http://www.illinois.ticortitle.com/sections/Precorder/cl_letter.asp  8/4/2008

Ticor Title Insurance Company

## COMMITMENT

### SCHEDULE A

Commitment No. 101329

Direct Inquiries to:
RNB Title, LLC
17W662 Butterfield Road – Suite 205
Oakbrook Terrace, IL 60181
Phone:   630-599-0311
Fax:     630-599-0316

Address Given: 8131 South Campbell

Chicago, Illinois 60652

1. Effective Date: July 1, 2008

2. Policy or Policies to be issued:

   (a) ALTA Owner's Policy - 2006                                          - 0 -
       Proposed Insured: NONE

   (b) ALTA Loan Policy - 2006                                       $215,789.00
       Proposed Insured: Clearwater Mortgage, its successors and/or assigns

3. Title to the Fee Simple estate or interest in the land described or referred to in this Commitment is at the effective date hereof vested in:

   Allele Pittman, a single woman

4. The land referred to in the Commitment is described as follows:
   SEE ATTACHED EXHIBIT A

RNB Title, LLC

By: _____                    Countersigned at Oakbrook Terrace, Illinois
Authorized Officer or Agent

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

Schedule A consists of 2 page(s)

Ticor Title Insurance Company

# COMMITMENT

## SCHEDULE A

Commitment No. 101520

**EXHIBIT A**

Lot 30 in block 2 in Hinkamp and Company's Western Avenue subdivision being a subdivision of lots 1 to 24 in block 1, lots 1 to 24, in block 2, lots 1, 2 and 10 to 20 in block 3, lots 1 to 10 in block 4, and lots 1 to 10 in block 5 in Hazelwood and Wright's subdivision of the South ½ of the Northeast ¼ of section 36, Township 38 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

Schedule A consists of 2 page(s)

Ticor Title Insurance Company

## COMMITMENT

### SCHEDULE B

### Exceptions

Schedule B of the policy or policies to be issued will contain exceptions to the following unless the same are disposed of to the satisfaction of the Company (all clauses, if any, which indicated any preference, limitation or discrimination based on race, color, religion or national origin are omitted from all building and use restrictions, covenants and conditions, if any, shown herein):

A. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effect date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

B. **STANDARD EXCEPTIONS**

1. Rights or claims of parties in possession not shown by the public records
2. Easements, or claims of easements, not shown by public records
3. Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey and inspection of the premises
4. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and now shown by the public records
5. Taxes or special assessments which are not shown as existing liens by the public records.

C. **SPECIAL EXCEPTIONS**

1. General real estate taxes for the years 2007, 2008 and subsequent years.

Permanent Index Number: 19-36-222-011-0000 (Volume number 411)

Note: The first estimated installment of the 2007 taxes in the amount of $962.85 is paid.

Note: The second final installment of the 2007 taxes has not been determined.

Commitment No. 101529

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

Schedule B consists of 1 page(s)

Ticor Title Insurance Company

## COMMITMENT

### SCHEDULE B

Exceptions

Note: The taxes for the year 2008 are not yet due and payable.

2. Special Assessment Warrant No. 62344, from City of Chicago, for Improving Alleys, in the amount of $749.98 (total), payable in 5 annual installments.
N/A Installments have been paid.

1st Installment in the amount of $151.14 due in 2000, is unpaid of record.

NOTE: PAYOFF IN FILE FOR THE AMOUNT OF $243.43, GOOD THRU 08/15/08.

3. Mortgage dated 08/24/07 and recorded 08/29/07 as document number 0724108041, made by Alicia Pittman, to Household Finance Corporation III, to secure an indebtedness of $206,357.76 and such other sums as provided therein.

4. The following 12 month chain on title is shown for informational purposes only and not for the purpose of insuring: There have been no conveyances in the past 12 months. Alicia Pittman, a single woman acquired title in 2004.

5. We find judgments, liens and matters of record involving a person or persons whose names are similar to: Alicia Pittman

As a result thereof, a Personal Information Affidavit establishing the identity of the above described person must be provided to RNB Title, LLC, prior to or at the time of closing, in order to facilitate the exclusion, if possible, of these items.

6. The present marital status of all persons shown on Schedule "A" herein must be disclosed in any subsequent deed of conveyance and/or any mortgage we are asked to insure, and their spouses, if any, must join in the execution of said instruments in order to properly release any homestead estate.

7. NOTE: THE LAND LIES WITHIN COOK COUNTY, ILLINOIS, ALL OF WHICH IS SUBJECT TO THE PREDATORY LENDING DATABASE PROGRAM ACT (765 ILCS 77/70 ET SEQ.) (THE ACT). ON AND AFTER JULY 1, 2008, A CERTIFICATE OF COMPLIANCE WITH THE ACT OR A CERTIFICATE OF EXEMPTION THEREFROM MUST BE OBTAINED

Commitment No. 101529

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

Schedule B consists of 5 page(s)

Ticor Title Insurance Company

## COMMITMENT

### SCHEDULE B

Exceptions

AT TIME OF CLOSING IN ORDER FOR THE COMPANY TO RECORD ANY INSURED MORTGAGE. IF THE CLOSING IS NOT CONDUCTED BY THE COMPANY, A CERTIFICATE OF COMPLIANCE OR CERTIFICATE OF EXEMPTION MUST BE ATTACHED TO ANY MORTGAGE TO BE RECORDED.

[NOTE TO CLOSER: DO NOT DISBURSE WITHOUT EITHER A CERTIFICATE OF COMPLIANCE OR CERTIFICATE OF EXEMPTION IN HAND.]

8. This commitment/policy is subject to building set back lines, easements, covenants and/or restrictions, if any, as disclosed by the County Recorder's land records.

9. NOTE: By City of Chicago municipal ordinance a transfer tax has been imposed upon the sale of real property located within the city. All deeds presented to this company for recording must have the applicable transfer tax declaration or exemption form. As of the dated of this commitment the transfer tax rate is $3.25 per $500.00 based on the consideration of the transaction.

By amendments to the City of Chicago municipal code a validation requirement has been imposed upon the sale of property located within the city limits. Therefore, all deeds presented to this company for recording must have the appropriate transfer tax declaration, or exemption form, together with the certificate signature by the City Department of Water, attached thereto. Note: The Chicago municipal code requires a registration statement disclosing ownership of buildings used for four or more family units or used for sleeping accommodations for 10 or more persons to be filed prior to the issuance of transaction tax stamps. All Chicago transfer tax declarations attached to documents submitted to this company for recording must comply with this requirement by either checking the appropriate line on the declaration under department certifications or attaching the building department registration certifications to the declaration.

Effective December 1, 1997, by City of Chicago Ordinance, a certificate of zoning compliance or waiver of certification must be obtained on all one to five unit buildings, with the exception of condominium, cooperative and new construction units, prior to the issuance of municipal transfer tax stamps.

Note: The certification process may require five or more days to complete and no closing may take place until one of the above documents is furnished. Forms may be obtained and application made at the Department of Zoning, Room R02 in city hall.

*****************************Customer Information****************************

Commitment No. 101929

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

Schedule B consists of 3 page(s)

Clear Title Insurance Company

## COMMITMENT

### SCHEDULE B

Exceptions

As of July 19, 1995, pursuant to Bill, Public Act 87-1197, all documents recorded within the State of Illinois must meet the following requirements:

**The document shall consist of one or more individual sheets measuring 8.5 inches by 11 inches, not permanently bound and not a continuous form. Graphic displays accompanying a document to be recorded that measures up to 11 inches by 17 inches shall be recorded with charging an additional fee;

**The document shall be legibly printed in black ink, by hand, typewritten or computer generated, in at least 10-point type. Signatures and dates may be in contrasting colors as long as they will reproduce clearly;

**The document shall be on white paper of not less than 20-pound weight and have a clean margin of at least ½ inch on the top, bottom and each side. Margins may be used only for non-essential notations, which will not affect the validity of the document, including but not limited to form numbers, page numbers, and customer notations;

**The first page shall contain a blank space in the upper right hand corner measuring at least 3 inches by 5 inches;

**The document shall not have any attachment stapled, taped or otherwise affixed to any page.

NOTE: The recorders offices throughout the State of Illinois will accept all documents for recordation. Those that do not meet the requirements of the Bill will cost double the recording fee to record.

NOTE FOR INFORMATION: Effective August 1, 2005 every County Recorder in the State of Illinois will be required to charge a $10.00 surcharge, in addition to standard recording fees, for EVERY document being recorded. This is a statewide surcharge that will be used to fund grants from the Illinois Housing Development Authority under the Rental Housing Support Program Act (30 ILCS 105/3.640). This fee can/will be included in the recording fee.

The Policy Issuing agent and / or servicing agent for this transaction is RNB Title, LLC. At the time of closing, fax a copy of the signed HUD-1, Lender's Closing Instructions and the First

Commitment No. 101520

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

Schedule B consists of 5 page(s)

Ticor Title Insurance Company

# COMMITMENT

## SCHEDULE B

### Exceptions

Page of the Mortgage(s) to be recorded to Lona at 630-599-0316. Lona's phone number is 630-599-0311.

FOR INFORMATIONAL PURPOSES: The Loan policy, when issued, will contain the following:

Comprehensive Endorsement

EPA Endorsement

Location Note Endorsement

Commitment No. 101529

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

Schedule B consists of 5 page(s)