IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TICOR TITLE INSURANCE COMPANY, a California corporation, <br><br>  Plaintiff, <br><br> vs. <br><br> RNB TITLE, LLC., an Illinois limited liability company, JUDY SCHILKE, individually, JENIFER TAYLOR, individually, RANDALL BLAKESLEE, individually, EDUARDO RAFAEL DE VELAZQUEZ, individually, UNISPAR GROUP, LTD., an unincorporated entity, GUY DREHOBL, individually, CARLOS BALDOCEDA, M.D., individually, CMP BUILDING PARTNERS, LLC, an Illinois limited liability company, DONALD F. ENGEL, individually, DONALD F. ENGEL, P.C., a professional corporation, ALDON AEGIS CORP., an Illinois corporation, SEAL ROCK PARTNERS, L.L.C, an Illinois limited liability company, C.R. ZEEK, Trustee of the Zeek Family Trust, ZEEK FAMILY TRUST, ROBERT J. PIERCE, individually, FRANK GIRONDA, individually, PERRY ORR, individually, FINANSCO INTERNATIONAL, INC., an unincorporated entity, FIRST BANC FUNDING, LLC, an Illinois limited liability company, RNB PROPERTIES LLC, an Illinois limited liability Company, WATERSTONE FUNDING CORPORATION, an Illinois Corporation, and PUBLIC TITLE SERVICES, LLC, an Illinois limited liability company <br><br> Defendants. | Case No. 08 CH 34714 <br><br> Hon. Mary Ann Mason |

**SECOND AMENDED VERIFIED
COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

1

118. Another check was issued by Public Title Services in the amount of $250,000, on or about September 1, 2008, which RNB never successfully deposited as the check was returned for insufficient funds on September 8, 2008.

### The Escrow Claims

119. As of December 3, 2008, Ticor had been notified of approximately eight claims in the approximate aggregate of $2.15 million from proposed insureds, prior lenders, owners, and other related parties ("Escrow Claimants"), all of whom were RNB's escrow customers, in which the Escrow Claimants allege that checks from the Escrow Account that they had received, or that were issued for their benefit after July 14, 2008, had been returned or dishonored due to insufficient funds.

120. Ticor, via its agent RNB, issued title insurance commitments to some of these Escrow Claimants, several of whom (Ticor's proposed insured lenders) also obtained letters governing the terms and conditions by which Ticor agreed to handle the Escrow Claimants' claims ("Closing Protection Letters").

121. The escrow shortfall has caused claims to be made against Ticor in connection with RNB's failure to properly disburse closing funds. As a result of the escrow shortfall and the claims generated, Ticor has expended funds investigating the facts and circumstances of the escrow shortage, pursuing the parties responsible for the shortage, incurred legal fees administering claims against RNB, and incurred further legal fees bringing this litigation.

122. In addition, Ticor has paid the claim of one of the Escrow Claimants, EquiFirst Corporation ("EquiFirst), a Ticor proposed insured lender, who made a claim against Ticor under the Closing Protection Letter issued to it arising from RNB's failure to pay the prior lender and obtain a release of the prior lender's mortgage recorded against that property as directed in

EquiFirst's closing instructions. A true and correct copy of EquiFirst's Closing Protection Letter is attached hereto as Exhibit 11.

123. On or about March 20, 2009, Ticor, pursuant to EquiFirst's Closing Protection Letter, and in full satisfaction thereof, paid $125,246.92 to the prior lender and provided a release of the prior lender's mortgage.

124. Paragraph 3 of the Conditions and Exclusions of EquiFirst's Closing Protection Letter provides that "[w]he n [Ticor] shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed."

125. Ticor is subrogated to and the owner of any and all rights of EquiFirst arising from RNB's breach of EquiFirst's closing instructions by failing to pay off the prior lender.

126. Ticor will also become subrogated to the rights of any other parties who Ticor becomes obligated to pay under a Closing Protection Letter or a title insurance policy (together with EquiFirst, "Rightful Claimants").

### First Cause of Action
### (Breach of Fiduciary Duty Against RNB and Schilke)

127. Ticor incorporates paragraphs 1 through 126 of its Second Amended Complaint as though fully set forth herein.

128. As an agent of Ticor, RNB owed Ticor a fiduciary duty as a matter of law. In addition, the facts and circumstances of the relationship between Schilke, RNB, and Ticor gave rise to a fiduciary relationship between RNB and Ticor and Schilke and Ticor.